**ORIGINAL**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) __Johnas Ortiz      305401__
   (Name of Plaintiff)      (Inmate Number)

__1301 E. 12th St., Wilmington, DE 19809__
   (Complete Address with zip code)

(2) _____
   (Name of Plaintiff)      (Inmate Number)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) __New Castle County Dept. of Probation (Thomas Lunt)__
(2) __Civigenics, Inc. (Russell Buskirk)__
(3) __Dept. of Health & Social Services (Director)__
   (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

__06 - 206__
(Case Number)
(to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

• • Jury Trial Requested

**FILED**
MAR 29 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

__N/A__

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? (•Yes) ••No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? •(Yes)• ••No

C. If your answer to "B" is Yes:

1. What steps did you take? Filed Dept. of Corrections ("DOC") and Civigenics program grievances; Requested Sentencing Court to intervene; contacted DHSS and ACLU of Delaware.

2. What was the result? "DOC" referred all complaints to Civigenics; Civigenics neglected to Act; DHSS failed to reply; Court failed to intervene; ACLU conducted investigation - found violation(s).

D. If your answer to "B" is No, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Thomas Lunt
Employed as Probation Officer at New Castle County Dept. of Probation
Mailing address with zip code: 26 Parkway Circle, New Castle, DE 19720

(2) Name of second defendant: Civigenics, Inc. (Russell Buskirk)
Employed as Statewide Director at Civigenics, Inc.
Mailing address with zip code: 300 Water St., Dover, DE 19904

(3) Name of third defendant: "Director"
Employed as Director - Mental Health at Delaware Health & Social Services
Mailing address with zip code: 1901 N. Dupont Hwy, New Castle, DE 19920

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. **STATEMENT OF CLAIM**

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. On Sept. 13, 2004, Probation Officer Thomas Lunt recommended to the Court that Plaintiff complete the Civigenics "Key" program as a condition of his sentence for violating probation. Plaintiff was then required to complete the "Key" in order to be released from prison. At time of sentencing the "Key" required plaintiff to attend compulsory "AA" meetings run by program staff.

2. In January of 2005, plaintiff asserted his First Amendment right and voiced his opinion regarding mandatory appearance at staff-run "AA" meetings - Mr. Buskirk, State Director of Civigenics neglected to address or resolve situation. As a result, plaintiff was coerced to attend "AA" meetings against his will by threat of program violations, sanctions, and prolonged or extended incarceration for not attending.

3. Plaintiff contacted DHSS in order to question the validity of his complaint. DHSS licenses Civigenics "Key" program under Substance Abuse Treatment Act of Title 16, Delaware Law. DHSS neglected to answer plaintiff's inquiry. All defendants listed herein contributed to the indoctrination and inculcation of religious beliefs through coerced participation in "AA" meetings, which also constitutes governmental indoctrination in violation of First Amendment Free Exercise and Establishment Clauses.

V. **RELIEF**

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Award nominal damages in amount of $250,000.00 US currency for ongoing violation of plaintiff's constitutional rights which defendants' neglected to address

3

2. PROHIBIT CRISENICA "Key" program from requiring participants to attend "AA" meetings or Secular Organizations for Sobriety ("SOS") meetings in order to complete program — AND Eliminate mandatory attendance at "Intro to AA" seminars.

3. Award monetary damages in amount of $250,000.00 US currency for Defendants' delay in investigating plaintiff's valid constitutional claim and causing him to attend "Religious" functions in order to be released from prison in a timely manner.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20th day of March, 2006.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

Street
own, DE 19709



FIRST CLASS



Clerk
U.S. District Court
Lock box 18
844 N. King Street
Wilmington, DE 19801