**GRIEVANCES:** Inmates with a complaint regarding DOC policies or conditions within the facility may file a grievance (Form #584, available from your housing unit officer). You must submit the form to the Grievance Chairperson (IGC) within seven days after the incident.

**Step 1: Informal Resolution:** The IGC reviews the grievance and attempts to reach an informal resolution with the inmate.

**Step 2: Grievance Hearing:** If an informal resolution is not reached, the case is heard by the Inmate Grievance Resolution Committee (RGC). The RGC, consisting of security staff, treatment staff, and inmate representatives, hears both sides of the case and forwards their recommendation to the Warden/Designee for a decision. If the inmate concurs with the decision, the grievance is closed

**Step 3: Final Decision:** If the inmate does not concur with the Warden's decision, he may appeal it to the Bureau Grievance Officer (BGO) for review. The Bureau decision is final.

NOTE – You cannot grieve classification decisions, disciplinary actions, or other inmates. Medical grievances must be submitted to the IGC using Form 585 but are resolved through the medical department.

**RECREATION:** Most housing units are provided with an outdoor recreation area. Inmates may also have access to a fitness center, gym, sports tournaments, cultural events, and other activities.

**LAW LIBRARY:** There is a Law Library on each wing of the facility. Open Monday through Friday, the Law Library houses the Delaware Code, court decisions, and other research material. In addition, a legal assistant is available to answer questions and provide assistance. If you wish to use the Law Library, you must submit a request form. You will be scheduled the following week. Request forms can be obtained from your housing unit officer.

**REQUESTS:** Questions regarding issues such as classification, work, or treatment should be addressed to the appropriate staff/section using a "Services Request" form available from your housing unit officer.

9

---



# STATE OF DELAWARE
# DEPARTMENT OF CORRECTION
# HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 East 12th Street
Wilmington, Delaware 19809
(302) 429-7700

## INMATE HANDBOOK

WARDEN RAPHAEL WILLIAMS
09/06

This handbook is designed to provide you with basic information so that you can better understand the operations of the Howard R. Young Correctional Institution. If you have additional questions or concerns, you are encouraged to direct them to your housing unit officer.



Civigenics – Delaware Key/Crest/Aftercare Programs

# Complaint Resolution Form

CiviGenics, Inc.

| Johnas Ortiz | Please Print out Name of Client who will sign below: |

The policy of the Civigenics is to attempt to resolve all client grievances/complaints in a procedure that corresponds with the Department of Corrections Grievance Procedures. Please recognize that if an offender chooses to submit formal grievances per the DOC procedure, this policy takes precedence over the procedure noted below and any result will be determined by the Warden or his delegate (DOC Grievance Officer).

If the offender chooses to use the Civigenics procedure in handling inmate complaints then this is noted below:

All clients are permitted and encouraged to write to their Primary Counselor to address their concerns that are not resolved through the Therapeutic Community process.

IN THE CASE OF UNRESOLVED ISSUES, PROGRAM CLIENTS MAY FILE A COMPLAINT FORM WHICH WILL BE REVIEWED:

1. A complaint form or letter is completed and submitted to the Primary Counselor for review/resolution.

2. If the complaint is not resolved to the client's satisfaction, the complaint can be reviewed by the Clinical Supervisor.

3. Upon review and response by the Clinical Supervisor and the client still does not believe that issue is resolved, the complaint can be forwarded to the Program Director.

4. If a resolution is not met at this level, the complaint will be reviewed at the Office of the State Director for review and resolution. The Warden of the Institution will be notified of the client's complaint and the State Director's ruling. Address of the Civigenics State Director is as follows – Statewide Director, Civigenics, MCCC, 300 Water Street, Dover, DE 19904.

5. Final ruling of complaints will be in coordination of the Region 1 Director. The State Office will notify the Regional Director of any/all complaints considered unresolved.

| X _____ Client Signature | 10-5-04 Date | M.C. Black BSW BSB Witness | 10-5-04 Date |

Updated 7/26/2004  DE State Office

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNAS ORTIZ | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    NO. 06-206 (SLR) |
| | ) |
| RUSSELL BUSKIRK, | ) |
| CIVIGENICS, INC., et al. | ) |
| | ) |
|       Defendants. | ) |

**MOTION OF DEFENDANTS' CIVIGENICS, INC., HARRY COYLE
AND FRANK COSTON TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

Defendants Russell Buskirk and Civigenics, Inc. (hereinafter "Defendants") by and through their undersigned counsel, hereby respectfully requests that this Honorable Court enter an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing with prejudice all claims against the Defendants. In support of their Motion to Dismiss, Defendants have filed simultaneously herewith a Memorandum of Points and Authorities demonstrating the requested relief and incorporate said Memorandum.

**WHEREFORE**, the Defendants, Russell Buskirk and Civigenics, Inc. respectfully request that this Honorable Court enter an Order dismissing Plaintiff's claim against Defendants with prejudice.

                                                REGER RIZZO KAVULICH & DARNALL LLP

                                                By: */s/ Carol J. Antoff, Esquire*
                                                    Attorney I.D. No.: 3601
                                                    1001 Jefferson Plaza, Suite 202
                                                    Wilmington, DE 19801
                                                    ***Attorney for Defendants, Russell Buskirk
                                                    and Civigenics, Inc.***

                                                    and

                                      **DEASEY, MAHONEY & BENDER, LTD.**

Dated: December 4, 2006        By:  /s/ *Carla P. Maresca, Esquire*
                                                CARLA P. MARESCA, ESQUIRE
                                                Attorney I.D. No.: 77568
                                                PATRICIA MC ENTEER, ESQUIRE
                                                Attorney I.D. No.: 89489
                                                1800 John F. Kennedy Blvd., Suite 1300
                                                Philadelphia, PA 19103-2978
                                                (215) 587-9400
                                                ***Attorneys for Defendants, Russell Buskirk***
                                                ***and Civigenics, Inc.***

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHNAS ORTIZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 06-206 (SLR) |
| | ) | |
| RUSSELL BUSKIRK, | ) | |
| CIVIGENICS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.      INTRODUCTION**

Plaintiff, a *pro se* inmate of the Delaware Department of Corrections, brings a claim for violation of the Establishment and Free Exercises Clauses of the First Amendment against Civigenics, Inc. and Russell Buskirk[1] ("Civigenics Defendants"), as well as other Defendants. (See Compl. at Caption). Because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, his Complaint should be dismissed.

**II.     STATEMENT OF FACTS[2]**

    **A.      Plaintiff's Allegations**

Plaintiff alleges that his probation officer recommended that he participate in the

---

[1] Plaintiff does not indicate that he brings a claim against Defendant Buskirk in his individual capacity. Plaintiff merely identifies Civigenics as the Defendant with Russell Buskirk in parentheses. Defendant Buskirk was the State Director of Civigenics at the time Plaintiff filed a grievance.

[2] Defendants present these facts solely for purposes of the Motion to Dismiss, as this Court "must accept as true all facts alleged in the complaint and any reasonable inferences that can be drawn from them." Brown v. Montgomery County, No. 04-5729, 2005 U.S. Dist. LEXIS 10335 at *2(E.D. Pa. May 26, 2005).

Civigenics' Key North Program as a result of him violating his parole. (See Compl. at sec. IV, p. 3). He asserts that he was required to complete the Key Program in order to be released from prison. (See id.). Although not specifically stated, it is assumed based on his allegations that Plaintiff maintains that he was required to attend Alcohol Anonymous ("AA") meetings while in the Key Program. In January 2005, Plaintiff purports to have "asserted" his First Amendment rights at an "AA" meeting. Plaintiff alleges to have filed a grievance with both the Delaware Department of Correction and Civigenics to the attention of Defendant Buskirk. (See Compl. at sec. II, p. 2). However, he alleges that Defendant Buskirk, Director of Civigenics, neglected to address or resolve this issue. (See id.). Plaintiff also alleges to have filed a grievance with the Department of Corrections, which in turn referred it back to Civigenics for response. (See id.). Therefore, he was "coerced" to continue attending AA meetings. (See Compl. at sec. IV, p.3).

    **B.**    **Grievance Procedure**

Civigenics has in place a procedure for handling grievances and/or complaints of inmates enrolled in the Key North Program. An inmate, however, may elect to either follow the Civigenics' grievance procedure or the grievance procedure of the Delaware Department of Corrections. (See Civigenics Complaint Resolution Form attached as Exhibit "A"). If an inmate elects to follow the Delaware Department of Corrections grievance procedure, that procedure will take precedence over Civigenics' grievance procedure. (See id.). An inmate is notified of the procedure and this policy at the time of the enrollment. Indeed, they are required to review and sign a form which sets forth the grievance procedure. The form signed by the Plaintiff is attached hereto as Exhibit A. (See id.).

With respect to the Civigenics' grievance procedure, the first step is to file a complaint form or letter to the inmate's primary counselor. (See id.). If the inmate does not agree with the result of this review, he or she may then submit the complaint to the clinical supervisor for

review. If the inmate is still not satisfied, the complaint will be forwarded to the Program director. Following the program director's review, if the inmate still does not believe the issue is resolved, the complaint will be reviewed by the Office of the State Director. Upon review of the State Director, if the issue is still unresolved the complaint will be reviewed by the Region 1 Director.

The Delaware Department of Corrections grievance procedure requires that an inmate first file a grievance form with the Grievance Chairperson. (See Grievance Procedure attached hereto as Exhibit "B"). The grievance will be reviewed and an informal resolution will be attempted. (See id.). If an informal resolution is not met, then the grievance will be heard by the Inmate Grievance Resolution Committee who will then forward its recommendations to the Warden. (See id.) The Warden will then issue a decision. (See id.). If an inmate does not concur with the Warden's decision, he or she may appeal the Warden's decision to Bureau Grievance Officer, whose decision is final. (See id.).

### III. ARGUMENT

#### A. Standard On A Motion To Dismiss

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all allegations set forth in the complaint and all reasonable inferences that can be drawn therefrom, and must view them in the light most favorable to the non-moving party. Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977); Brown v. Montgomery County, No. 04-5729, 2005 U.S. Dist. LEXIS 10335, at 2-3 (E.D. Pa. May 26, 2005) (Hutton, J.). While a court should accept as true all well-pleaded allegations of the complaint, it should not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Carr v. Sharp, 454 F.2d 271, 273 (3d Cir. 1972).

Federal Rule of Civil Procedure 12(b)(6) states that a Motion to Dismiss made pursuant

to the rule may also be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and matters outside the pleading may be presented

### B. Plaintiff's Complaint Must Be Dismissed As He Failed To Exhaust His Administrative Remedies

Pursuant to the Prisoner Litigation Reform Act of 1995, prisoners must exhaust "such administrative remedies as are available" before bringing actions "with respect to their prison conditions." 42 U.S.C. Section 1997e(d)(2). In an opinion authored by Justice Ginsburg, the United States Supreme Court held that this exhaustion requirement applies to all inmate suits seeking redress for prison circumstances or occurrences, whether the suits involved general circumstances or particular episodes, and whether the suits alleged excessive force, actual physical prison conditions, or some other alleged wrongdoing. Correction Officer Porter, et. al. v. Nussle, 534 U.S. 516 (2002). This exhaustion requirement is mandatory. Id. Moreover, *exhaustion* of administrative remedies means completing all available appeals, even if prison officials do not respond. Davis v. Warman, et. al., 49 Fed. Appx. 365, 366 (3d Cir. 2002); Brown v. Morgan, F.3d 595, 596 (6th Cir. 2000).

Here, Plaintiff filed grievances with both the Department of Corrections and Civigenics. Thus, according to Civigenic's policy, the Department of Corrections grievance procedure would take precedence and be controlling. Pursuant to the Department of Corrections' procedure, Plaintiff had the ability to appeal any decision to the Bureau Grievance Officer[3]. Plaintiff does not indicate that he has done so. Therefore, Plaintiff has not exhausted the administrative remedies provided by the Department of Corrections grievance procedure.

Because Plaintiff has failed to exhaust his administrative remedies as is required by the

---

[3] Plaintiff does not identify the individual within the Delaware Department of Corrections to whom he submitted his grievance.

PLRA, his Complaint must be dismissed.

### C. Plaintiff's Claim Against Defendant Buskirk Must Be Dismissed

Plaintiff asserts a claim against Defendant Buskirk in his official capacity. (Compl. at p. 2, Sec. III ¶ 1). He makes no claim against Defendant Buskirk in his individual capacity. The claims against Defendant Buskirk should be dismissed because the claim is the same as a claim against Civigenics. McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997) (noting that "a suit against a governmental officer in his official capacity is the same as a suit against [the] entity of which [the] officer is an agent") (quotation omitted); see also O'Hanlon v. City of Chester, No. 00-0664, 2002 U.S. Dist. LEXIS 5766, at *38-39 (E.D. Pa. Mar. 27, 2002) (Hutton, J.) (dismissing official capacity claims against the individual defendants).

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and enter any further relief deemed just and appropriate by the Court.

Respectfully submitted,

REGER RIZZO KAVULICH & DARNALL LLP

By: */s/ Carol J. Antoff, Esquire*
    Attorney I.D. No.: 3601
    1001 Jefferson Plaza, Suite 202
    Wilmington, DE 19801
    ***Attorney for Defendants, Russell Buskirk and Civigenics, Inc.***

**DEASEY MAHONEY & BENDER, LTD.**

Dated: December 4, 2006    By:   */s/ Carla P. Maresca,*
    CARLA P. MARESCA, ESQUIRE
    Attorney I.D. No.: 77568
    PATRICIA MC ENTEER, ESQUIRE
    Attorney I.D. No.: 89489
    1800 John F. Kennedy Blvd., Suite 1300
    Philadelphia, PA 19103-2978
    (215) 587-9400
    ***Attorneys for Defendants, Russell Buskirk and Civigenics, Inc.***

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **JOHNAS ORTIZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 06-206 (SLR) |
| | ) |
| **RUSSELL BUSKIRK,** | ) |
| **CIVIGENICS, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

\_\_\_\_\_AND NOW, this \_\_\_\_\_ day of _____, 2007, it is hereby ORDERED and DECREED that the Motion to Dismiss by Defendants, Russell Buskirk and Civigenics, Inc., in the above-captioned matter having been duly considered and any response thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED and that judgment is hereby entered in favor of the Defendants and against Plaintiff.

_____**JUDGE Sue L. Robinson**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHNAS ORTIZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 06-206 (SLR) |
| | ) | |
| **RUSSELL BUSKIRK,** | ) | |
| **CIVIGENICS, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

I, Carol J. Antoff, Esquire, do hereby certify that copies of the foregoing Motion to Dismiss were served by First Class Mail, postage prepaid on the following Pro se Plaintiff on December 4, 2006:

Johnas Ortiz
1301 E. 12th
Wilmington, DE 19807
Pro Se

REGER RIZZO KAVULICH & DARNALL, LLP


/s/ Carol J. Antoff
CAROL J. ANTOFF, ESQUIRE
I.D. No. 3601
1001 Jefferson Street, Suite 202
Wilmington, DE 19801
(302)652-3611
Attorney for Defendants, Civigenics and Russell Buskirk