IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Johnas Ortiz,
Plaintiff,
v.
Thomas Lust, et. al.,
Defendants



MEMORANDUM IN
Response to
State Defendant's
Answer to Complaint
Civ. A. No. 06-206-SLR

In response to the state defendants' answer to the complaint in this matter, filed on or about December 4, 2006, plaintiff moves this court for an order permitting him to correspond with Mr. Omar Colon, an inmate at Howard R. Young Correctional Institution (HRYCI), who has documents containing names, addresses, copies of grievances and other papers regarding the parties in this matter (some of whom have not yet been named in the complaint). Mr. Colon's documents are essential and material as evidence in this case. The ACLU of Delaware is willing to forward "additional correspondence and documentation from Mr. Omar Colon" with his permission (see letter from Julia Graff, ACLU, 10/5/06 - attached); however, plaintiff is unable to obtain Mr. Colon's permission because HRYCI has a policy that prohibits communication between inmates who are not housed on the same unit — Mr. Colon is housed on the East Side while plaintiff is housed on the West Side of the facility.

Once plaintiff obtains copies of the documents from ACLU or Mr. Colon, he may find it necessary to amend the complaint (at the court's discretion) by adding/deleting defendants or changing the statement(s) of what constitutional violations took place. Plaintiff is not in possession of all necessary evidence at this time.

Plaintiff's First Amendment right to freedom of religion was clearly established at the time of the alleged misconduct, as well as the fact that mandatory attendance at AA meetings as part of a prison sentence violates the Establishment and Free Exercise Clauses of the Constitution. The U.S. Supreme Court has stated unequivocally that "at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise." Lee v. Weiss, 505 U.S. 577, 587 (1992).

The Court of Appeals for the Third Circuit, which includes the state of Delaware, has acknowledged that AA meetings are "centered on a belief in a Supreme Being and require participants to accept God as treatment for their addictions", Rauser v. Horn, 231 F.3d 330, 332 (3d Cir. 2001), and are thus "religious" as a matter of law.

The Court of Appeals for the Second Circuit has acknowledged that a probation officer who recommends a program such as AA as part of a sentence may be held liable under Section 1983 for violating the Establishment Clause, once the plaintiff's criminal sentence was conditioned on participation in AA. Warner v. Orange County Department of Probation, 115 F.3d 1068 (2d Cir. 1997), reaff'd after remand 173 F.3d 120 (2d Cir.), cert. denied, 528 U.S. 1003, 120 S.Ct. 495 (1999). Similarly, the Court of Appeals for the Seventh Circuit has held that state officials are liable under Section 1983 for violating the Establishment Clause. Kerr v. Farrey, 95 F.3d 472 (7th Cir. 1996).

Wherefore, plaintiff respectfully prays the Court grant judgment in his favor, and against the state defendants, and enter an order (i) denying the state defendants' request for dismissal; (ii) to HRYCI officials allowing plaintiff to communicate with inmate Omar Colon; (iii) allowing plaintiff to amend complaint pursuant to Fed. R. Civ. Procedure 15(a), upon receiving copies of Mr. Colon's documents; and (iv) an order granting such other relief as may be just.

December 14, 2006

Jonnas Ortiz #305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809

CERTIFICATE OF SERVICE

I, Johnas Ortiz, hereby certify that on December 14, 2006, I have mailed by U.S. Postal Service, by placing the attached Memorandum in response to state defendants' answer to complaint in HRYCI mail bag, to the following:

Stacey Xarhoulakos
Deputy Attorney General
Dept. of Justice
820 N. French St., 6th Fl.
Wilmington, DE 19801


Johnas Ortiz #305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19801

# aclu delaware

October 5, 2006

Mr. Johnas Ortiz
SBI# 305401
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Dear Mr. Ortiz,

    I am in receipt of your recent letter, in which you request a copy of the file of the ALCU's "investigation" into "compelled attendance at AA meetings by Civigenics Key Program ... that was found to be operating outside constitutional parameters in violation of First Amendment rights."

    I have enclosed copies of all correspondence between me, you, and the Department of Correction's attorney, Ms. Ophelia Waters. The file on this matter includes additional correspondence and documentation from Mr. Omar Colón, whom I believe is a friend of yours; however, I cannot forward those documents to you without express permission from Mr. Colón. If you require those documents, please have him write to me at his earliest convenience, requesting that I send those copies to you.

    I think it's important to clarify that at no point did the ACLU of Delaware conduct an "investigation" into this program. We merely received information from you, Civigenics, and the Attorney General's office and wrote letters requesting policy changes on your, and other inmates', behalf, because of the religious component to the recovery meetings you were required to attend as part of your sentence. We served as your advocates in this matter, and not as your attorneys, in order to obtain a secular alternative. It was my understanding, based on communications received from Ms. Waters and Mr. Buskirk, that Civigenics had implemented a secular alternative to their substance abuse recovery programs, after receiving our letters. Because I never received further complaints from you, Mr. Colón, or other inmates, I presumed that the matter had been handled appropriately. I understood that a Secular Organizations for Sobriety (SOS) program had been initiated.

    Thank you for contacting the ACLU of Delaware. I hope you are able to resolve the situation to your satisfaction.

Sincerely,

Julia M. Graff
Staff Attorney
Enclosures

american civil liberties union delaware
100 West 10th Street • Suite 309 • Wilmington, Delaware 19801
(302) 654-3966